UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MEADOWGATE TECHNOLOGIES, LLC,

Plaintiff,

v.

FIASCO ENTERPRISES, INC.,

Defendant.

Case No.: 17cv230-LAB (KSC)

**ORDER DENYING MOTION TO DISMISS**

After the Court dismissed the first amended complaint with leave to amend, noting specifically that pleading in the alternative is permitted, Plaintiff Meadowgate Technologies, LLC filed its second amended complaint (the "SAC"), bringing claims under both the federal Carmack Amendment and California state common law.

Defendant Fiasco Enterprises moved to dismiss the SAC, arguing that the state causes of action were preempted by the Interstate Commerce Commission Termination Act (ICCTA). The Court held argument on the motion, and is now prepared to rule.

In its written opposition, Meadowgate argued that Fiasco could have raised ICCTA preemption in its first motion to dismiss, and as provided in Fed. R. Civ. P.

12(g)(2), this argument has been waived. *See In re Packaged Seafood Prods. Antitrust Litig.*, 277 F. Supp. 3d 1167, 1174 (S.D. Cal., 2017).

At argument, however, Meadowgate inexplicably argued that dismissing claims as preempted was premature, because Meadowgate needed discovery in order to be able to respond to the motion. The parties both consented to the motion's being converted to a motion for summary judgment.

Even though counsel are content to allow this case to expand, the Court has an interest in the orderly and efficient administration of justice. *See Arizona v. California*, 530 U.S. 392, 412 (2000) (noting the policy of avoiding the waste of judicial resources). The law of the case doctrine generally means that the Court is generally precluded from revisiting issues it or a higher court has already decided. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). With regard to the Court's own decisions, it merely guides the Court's exercise of discretion. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 787 (9th Cir. 2000). But as applied to the parties, it generally prevents parties from seeking the same relief repeatedly, even if they rely on new theories. *See Sec. Investor Prot. Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir.1996) ("[A] party cannot offer up successively different legal or factual theories that could have been presented in a prior request for review.")[1] *See also United States v. Garcia*, 77 F.3d 274, 276 (9th Cir.1996) (applying the law of the case doctrine *sua sponte*).

At argument, Fiasco claimed it could not have raised ICCTA preemption in its earlier motion, because earlier versions of the complaint did not allege the

---

[1] District courts in this circuit have also applied this principle to motions at the trial court level, not just on appeal. S*ee, e.g., Stephens v. County of Hawaii Police Dept.*, 2013 WL 150462 at *2 (D. Haw. Jan. 11, 2013); *Shum v. Intel Corp.*, 2008 WL 4414722 at *4 (N.D. Cal., Sept. 26, 2008).

2
17cv230-LAB (KSC)

existence of a "through bill of lading." But the ICCTA does not depend on this. Earlier complaints did allege that Fiasco was a motor carrier, which would bring it within the ICCTA's purview. What Fiasco apparently means is that, if the cargo was moved under a through bill of lading, the Carmack Amendment (which was the subject of the earlier motion to dismiss) would not apply, and Fiasco would need to find another reason to seek dismissal. Even if this prevented Fiasco from raising ICCTA earlier — and the Court does not agree that it does — whether the cargo was transported under a through bill was part of the Carmack Amendment analysis, and Fiasco discussed it at length in its reply brief.

Fiasco is largely responsible for suggesting that the existence of a through bill of lading was an important issue. Meadowgate at first failed to allege that there was a through bill, but taking Fiasco's implicit suggestion that it should have done so, added the allegation. Now Fiasco wants to reverse course and suggest that maybe there was no through bill and the amendment was a mistake. But between the two parties, Fiasco is the one that knows whether there was a through bill of lading. This fluctuating approach has the potential to cause pointless delays and expense.

The Court believes Fiasco should be held to its position, and law of the case prevents Fiasco from raising ICCTA preemption now. But even if the Court were to consider the issue, it does not appear to make any difference. At argument, the Court asked Fiasco's counsel how the outcome would be different if state law were entirely preempted and federal law were the only law applied — *e.g.*, different remedies would be available, different defenses apply, there is no private right of action, etc. He was unable to identify any difference in the case's outcome if claims are litigated under state or federal law. Furthermore, the SAC includes in the alternative claims under the Carmack Amendment, which Fiasco did not seek to dismiss.

/ / /

3

17cv230-LAB (KSC)

Finally, it appears that the ICCTA itself is not as broadly preemptive as Fiasco argues. At argument, Fiasco's counsel cited *ASARCO LLC v. England Logistics*, 71 F. Supp. 3d 990, 1006 (D. Ariz. 2014), arguing that the ICCTA preempts state-law negligence claims because they have an effect on the rates carriers charge. But in the Court's view, a later case, *Factory Mutual Ins. Co. v. One Source Logistics, LLC*, 2017 WL 2608867, at *5–*7 (C.D. Cal., May 5, 2017), explains cogently why the ICCTA does not preempt ordinary, state law claims for general negligence. Furthermore, it acknowledges and attempts to follow binding Ninth Circuit and Supreme Court precedent. *See id.* at *6 (discussing *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008); and *Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014)).) *See also generally, Ass'n of Am. R.R. v. S. Coast Air Quality Mgt. Dist.*, 622 F.3d 1094 (9th Cir. 2010) (discussing preemptive effect of ICCTA § 10501 on laws of general applicability).

Furthermore, the ICCTA by its terms focuses on "transportation by rail carriers," *see* § 10501(b)(1), and here it is unclear how the parts were transported. Fiasco has not shown that, as applied, California law would have the effect of unreasonably burdening or interfering with rail transportation. *See Texas Cent. Business Lines Corp. v. City of Midlothian*, 669 F.3d 525, 530 (5th Cir. 2012).

The Court need not decide at this time the issue of whether ICCTA preemption requires dismissal of Meadowgate's state law claims, but if it were to decide, it would likely reject Fiasco's preemption argument.

The motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 18, 2018

Hon. Larry Alan Burns
United States District Judge